Argued September 6, reversed and remanded October 2,
petition for rehearing denied November 26, 1968

# TUNISON ET UX, *Respondents, v.* MULTNOMAH COUNTY, *Appellant.*

445 P. 2d 498

*Charles E. Evans,* Deputy District Attorney, Portland, argued the cause for appellant. With him on the briefs was George Van Hoomissen, District Attorney, Portland.

*Leo Levenson,* Portland, argued the cause for respondents. With him on the brief were Norman Kobin and Kobin & Meyer, Portland.

Before PERRY, Chief Justice, and McALLISTER, O'CONNELL, DENECKE and MENGLER, Justices.

O'CONNELL, J.

This is an appeal by defendant Multnomah county from a judgment on a verdict awarding damages to plaintiffs in an eminent domain proceeding.

Plaintiffs were owners of property fronting on N. E. Columbia Boulevard. The property was leased to Clarence Wilson and was used by him for the construction and sale of heavy industrial equipment in Portland. Defendant took by condemnation a part of the property consisting of a 25-foot frontage strip for the purpose of widening the boulevard. The taking of this strip required plaintiffs' lessee Wilson to move his operation, including buildings, to the rear

of the property. This necessitated the filling of a part of the land remaining to bring it up to the level of the street.

Several of plaintiffs' value witnesses testified as to the cost of making the fill and other restoration costs relating to the property not taken. Defendant moved to strike the testimony relating to restoration costs as developed by one of the witnesses. The motion was denied which defendant now assigns as error.

■■ The measure of damages for a taking by eminent domain is the fair market value of the strip taken plus any depreciation in the fair market value of the land remaining caused by the taking.[1] However, if the cost of restoring the remaining property to the same condition it was in before the taking is less than the depreciation in the market value caused by the taking, then the owner is entitled only to the cost of restoration.[2]

■ The record clearly shows that plaintiffs elicited testimony as to restoration costs. They argue that since, under the circumstances we described above, restoration costs may be used as a measure of damages, it is necessary for the appraiser to make an initial estimate of such costs in order to determine whether they were less than the depreciation in the market value of the property not taken and thus binding upon the owner. We reject this argument. The

---

[1] Pape v. Linn County, 135 Or 430, 296 P 65 (1931).

[2] "Inasmuch as the measure of damages is the decrease in market value of the land, and the trained judgment of the market in determining value would take into consideration the possibility of restoring the damaged property as far as possible to the same relative position in which it stood before the taking if the cost of such restoration would be less than the increase in market value which it would bring to the land, the condemnor is entitled to the adoption of the criterion of damage which produces the smaller result." 5 Nichols on Eminent Domain, § 23.2, p. 537 (1962).

appraiser may find it advisable to make such a calculation but if the owner seeks to recover the depreciation in the market value of the property remaining, he cannot testify as to restoration costs. To permit him to do so would be to inject into the case evidence which the jury is likely to improperly consider in estimating the owner's loss.[9]

■■ Objection was also made to the inclusion of seven aluminum vans and two gasoline pumps in the estimate of loss. These items were items of personal property owned by the lessee of the owner and not properly included in the measurement of the owner's loss. The appraisal also included the value of a crane which was specially built to fit into one of the buildings on the property taken. The crane was owned by the owner's lessee who had a right to remove it upon leaving the premises. The value of the crane should not have been included in calculating plaintiffs' loss.

■ Defendant attempted to introduce a copy of the lease to show the agreement relating to the removal of the crane. The court refused to admit it into evidence. The exhibit should have been admitted for the above purpose.

The judgment is reversed and the cause is remanded for a new trial.

---

[9] See 5 Nichols on Eminent Domain, *supra* at p. 537: "[E]vidence of the cost of restoring the property as far as possible to its original relative position, when offered by the owner, is admissible only when there is also evidence that such cost is no greater in amount than the decrease in market value of the property if it is left as it stood."